IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| GWENDOLYN L. YOUNG, | CIVIL ACTION NO. 2:10-0688-BM |
| Plaintiff, | |
| v. | **ORDER** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

This action has been filed by the Plaintiff pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein she was denied disability benefits. Plaintiff applied for Disability Insurance Benefits (DIB) in January 29, 2007, alleging disability as of October 19, 2006 due to left sided weakness and possible multiple sclerosis. (R.pp. 106-113, 146). Plaintiff's claim was denied initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on May 1, 2009. (R.pp. 20-56). The ALJ thereafter denied Plaintiff's claim in a decision issued July 9, 2009. (R.pp. 6-19). The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, thereby making the determination of the ALJ the final decision of the Commissioner. (R.pp. 1-5).

Plaintiff then filed this action in United States District Court. Plaintiff asserts that



there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded for an award of benefits. The Commissioner contends that the decision to deny benefits is supported by substantial evidence, and that Plaintiff was properly found not to be disabled.

## Scope of review

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). If the record contains substantial evidence to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)).

The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642. "[T]he language of [405(g)] precludes a de novo judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by substantial evidence." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).



**Discussion**

A review of the record shows that Plaintiff, who was fifty-two (52) years old when she alleges her disability began, has a high school education with past relevant work experience as a textile inspector. (R.pp. 25, 106, 147, 152). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that she has an impairment or combination of impairments which prevent her from engaging in all substantial gainful activity for which she is qualified by her age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months. After a review of the evidence and testimony in the case, the ALJ determined that, although Plaintiff does suffer from the "severe" impairments[1] of cervical disc degeneration, sacroiliitis,[2] lumbar facet arthropathy, and left rotator cuff tear, rendering her unable to perform any of her past relevant work, she nevertheless retained the residual functional capacity (RFC) to perform a restricted range of medium work[3], and is therefore not entitled to disability benefits.

Plaintiff asserts that in reaching this decision, the ALJ erred by failing to give controlling weight to the opinion of Plaintiff's treating physician as to the extent and nature of her impairments, by failing to find that Plaintiff's scoliosis and hip condition are a severe impairment,

---

[1] An impairment is "severe" if it significantly limits a claimant's physical or mental ability to do basic work activities. See 20 C.F.R. § 404.1521(a); Bowen v. Yuckert, 482 U.S. 137, 140-142 (1987).

[2] Sacroiliitis is an inflammation of one or both of your sacroiliac joints, which connect your lower spine and pelvis. Sacroiliitis can cause pain in your buttocks or lower back, and may even extend down one or both legs. The pain associated with sacroiliitis is often aggravated by prolonged standing or by stair climbing. http://www.mayoclinic.com/health/sacroiliitis/DS00726, July 15, 2010.

[3] Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c), 416.967(c).



by improperly evaluating Plaintiff's subjective testimony as to the extent of her pain and impairment, and by failing to provide the Vocational Expert with a proper hypothetical that included all of Plaintiff's impairments. However, after a careful review and consideration of the evidence and arguments presented, the Court finds that there is substantial evidence in the record to support the conclusion of the ALJ that Plaintiff was not disabled as that term is defined in the in the Social Security Act during the relevant time period, and that the decision of the Commissioner must therefore be affirmed.

## I.

## (Treating Physician)

Plaintiff's first alleged error involves the ALJ's rejection of the opinion of treating physician Dr. Jack Scheuer that Plaintiff's impairments rendered her unable to perform even sedentary work.[4] See Craig v. Chater, 76 F.3d 585, 589-590 (4th Cir. 1996)[Noting importance to be accorded to treating physician's opinion]. In two medical source statements (one dated October 31, 2007 and the other dated April 7, 2009), Dr. Scheuer opined that Plaintiff could only occasionally lift less than ten pounds, could only stand and/or walk for a total of about one hour in an eight hour work day, sit about one hour; never climb, knee or crawl and only occasionally balance, stoop, and crouch; and that her ability to reach, handle, feel and push/pull would be affected by her pain and weakness. (R.pp. 469-471, 506-509). However, the ALJ assigned little weight to Dr. Scheuer's

---

[4]Sedentary work is defined as lifting no more than 10 pounds at a time and occasionally lifting and carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(a) (2005).



opinion of Plaintiff's limitations, finding that his opinion was inconsistent with his own treatment notes, the diagnostic and objective findings, and other substantial evidence in the case record. (R.p. 15). After careful review of the evidence and record, the Court can find no reversible error in the ALJ's treatment of the findings and opinion of Dr. Scheuer.

First, notwithstanding the severity of the Plaintiff's impairments as opined to by Dr. Scheuer in the two medical source statements, a review of Dr. Scheuer's treatment notes for the relevant time period reveal that he mostly noted "unremarkable" findings in his examinations of the Plaintiff. See generally, (R.pp. 226-227, 233, 335-346, 442-443, 473-489, 505). Subject to occasional exceptions, the only consistent diagnoses being shown in Dr. Scheuer's records are estrogen deficiency, depression, and irritable bowel syndrome; with Plaintiff's complaints concerning her pain and limitations mostly listed as being "subjective" in these treatment notes. See Johnson v. Barnhart, 434 F.3d 650, 657 (4th Cir. 2005) [ALJ properly rejected physician's opinion that was based on the claimant's own subjective complaints]; *cf.* Craig, 76 F.3d at 590, n. 2 ["There is nothing objective about a doctor saying, without more, 'I observed my patient telling me she was in pain'"]; Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001) [ALJ may assign lesser weight to the opinion of a treating physician that was based largely upon a claimant's self-reported symptoms]. Hence, the ALJ's finding that the limitations assessed by Dr. Scheuer were not consistent with his own treatment records is supported by substantial evidence in the record. (R.p. 15). Cf. Chamberlain v. Shalala, 47 F.3d 1489, 1495 (8th Cir. 1995)["Failure to seek aggressive medical care is not suggestive of disabling pain."].

The remainder of Plaintiff's medical records also contain substantial evidence to



support the ALJ's conclusions. A physical examination performed at the South Carolina Neurological Clinic on October 11, 2006 (only eight days before Plaintiff alleges her impairments became disabling) found Plaintiff to have an unremarkable gait, good strength in both her upper and lower extremities, no evidence of atrophy or fasciculations, no abnormal movements or tone change, no drift of the upper extremities, no swelling of the extremities, and a good mental status. (R.pp. 208-209). While an MRI of Plaintiff's cervical spine performed on October 19, 2006 (Plaintiff's alleged disability onset date) did show some significant spondylotic changes, an examination by Dr. Thomas Joseph performed on October 27, 2006 found that Plaintiff had a straight cervical spine with no deformity noted and that Plaintiff had 5/5 (full) strength in her deltoid, triceps, hip flexion, knee flexion and extension, foot dorsi flexion and plantar flexion, although Plaintiff did have diminished strength to the biceps and intrinsics, and diminished sensation to the thumb, index finger and small finger. X-rays were taken which revealed degenerative disc changes at the C5-6 level, but no evidence of fracture, subluxation or dislocation was noted. Dr. Joseph assessed left-sided cervical radiculopathy with significant weakness and numbness involving the C6 and C8 nerve roots. (R.pp. 244, 257-258).

On November 8, 2006 Dr. Joseph performed a physical examination which revealed a straight cervical spine, no tenderness to palpation noted, full range of motion of the shoulders, with an unchanged neurovascular exam. Dr. Joseph also reviewed the results of several studies that had been conducted, including EMG/nerve conduction studies which showed unremarkable upper and lower extremities bilaterally without evidence of neuropathy, radiculopathy or entrapment syndromes; and an MRI of Plaintiff's cervical spine which showed disc desiccation at several discs with either



no or moderate height loss, a tiny right paramedium protrusion at C4-5, and moderate to severe right-sided neuro foraminal stenosis with mass effect on the exiting right C6 nerve root. Dr. Joseph scheduled cervical injections. (R.p. 330). Robinson v. Sullivan, 956 F.2d 836, 840 (8th Cir. 1992)[Generally conservative treatment not consistent with allegations of disability].

An x-ray performed on Plaintiff's hip and pelvis on January 8, 2007 revealed some minimal degenerative changes of the lumbar spine, with no acute osseous abnormalities being seen and no osseous lesions identified, while an MRI of Plaintiff's left shoulder performed on January 15, 2007 revealed findings compatible with a rotator cuff tear without retraction. (R.pp. 241, 293). An x-ray of Plaintiff's lumbar spine on April 20, 2008 revealed only mild scoliosis and a minimal degenerative facet joint change at L5-S1. (R.p. 379).

Plaintiff underwent a consultative examination on May 23, 2007 by Dr. Allan Ryder-Cook. Dr. Ryder-Cook reviewed Plaintiff's medical history and performed a physical examination which found Plaintiff to be well developed, well nourished, with good peripheral pulses in her extremities with no edema. Plaintiff's motor exam showed 5/5 strength in the left arm and leg with diminished fine finger movements on the left hand and a slight tremor in her hands when they were held upstretched, but no tremor when her hands were at rest. Plaintiff's strength was also 5/5 on the right. See Gaskin v. Commission of Social Security, 280 Fed.Appx. 472, 477 (6th Cir. 2008)[Finding that evidence of no muscle atrophy and that claimant "possesses normal strength" contradicted Plaintiff's claims of disabling physical impairment]. Plaintiff's gait and station were normal, and her ability to use her fingers, hands, arms, and fine dexterity was only mildly limited on the left side because of her poor sensation and "questionable" diminished strength. While Plaintiff did have



"some slight tremor", she did not have any obvious paralysis, there were no involuntary movements, and no ataxia.

Dr. Ryder-Cook assessed Plaintiff with some left-sided hemisensory deficit, but opined that Plaintiff did not "really have much in the way of other medical problems" at that time. Dr. Ryder-Cook further opined that Plaintiff's ability to stand, sit and move about were not limited on a regular basis, although intermittently she would develop some increased weakness in her left leg and her leg would tend to give out, and that Plaintiff's flexibility for carrying and handling objects on the left side also showed only minimal impairment, although Plaintiff "apparently . . . has episodes where it becomes much more affected . . . ."  (R.pp. 423-426).  Richardson v. Perales, 402 U.S. 389, 408 (1971) [assessment of examining, non-treating physicians may constitute substantial evidence in support of a finding of non-disability].

On June 1, 2007 state agency physician Dr. Robert Kukla reviewed Plaintiff's medical records and concluded that she retained the residual functional capacity for medium work with the ability to stand and/or walk about six hours in an eight hour work day; sit about six hours in an eight hour workday; frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; and occasionally climb ladders, ropes, and scaffolds.  (R.pp. 429-434).  A second state agency physician, Dr. Richard Weymouth, conducted a similar review on September 13, 2007 and reached the same conclusions as Dr. Kukla, except that he found no postural limitations.  (R.pp. 448-454).  See Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986) [opinion of a non-examining physician can constitute substantial evidence to support the decision of the Commissioner].

A cervical spine MRI performed on December 8, 2008 showed small disc protrusions



at C5-6 and C6-7, with no myelopathy or spinal stenosis seen. (R.p. 490).

With respect to Plaintiff's mental condition, Dr. Scheuer opined on April 27, 2007 that he did not believe Plaintiff had any work related limitation of function due to her mental condition. (R. 404). Further, state agency psychologist Dr. Kevin King opined after a review of Plaintiff's medical records on April 30, 2007 that Plaintiff's depression was not severe, resulting in only mild restrictions in her activities of daily living, in maintaining social functioning, and in maintaining concentration, persistence or pace, with no episodes of decompensation. (R.pp. 406-416).

After thoroughly reviewing the medical records and evidence in his decision, including Dr. Scheuer's own records; see (R.pp. 10-14, 16-17); the ALJ found that the evidence did not support the degree of limitation and impairment opined to by Dr. Scheuer in his two medical source statements, specifically noting the lack of findings in Dr. Scheuer's own reports, the other medical findings, and the opinions of the state agency medical consultants. See Burch v. Apfel, 9 Fed.Appx. 255 (4th Cir. 2001) [ALJ did not err in giving physician's opinion little weight where the physician's opinion was not consistent with her own progress notes.]; see also Hays, 907 F.2d at 1456 [It is the responsibility of the ALJ to weigh the evidence and resolve conflicts in that evidence]. The Court can find no reversible error in the ALJ's consideration of Dr. Scheuer's opinion and the evidence of record. Dr. Scheuer's treatment notes consistently reflect only minimal objective findings and conservative treatment for Plaintiff's complaints, while the remaining medical records as well as the state agency physicians' reports clearly reflect that Plaintiff is capable of work activity. Krogmeier v. Barnhart, 294 F.3d 1019, 1023 (8th Cir. 2002)["When a treating physician's opinions are inconsistent or contrary to the medical evidence as a whole, they are entitled to less weight" (citations



omitted)];Craig, 76 F.3d at 589-590 [rejection of treating physician's opinion justified where treating physician's opinion was inconsistent with substantial evidence of record].

Therefore, this claim is without merit. Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964) [court scrutinizes the record as a whole to determine whether the conclusions reached are rational]; Laws, 368 F.2d 640 [Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion"]; see Gaskin, 280 Fed.Appx. at 477 [Finding that evidence of no muscle atrophy and that claimant "possesses normal strength" contradicted Plaintiff's claims of disabling physical impairment].

## II.

### (Scoliosis and Hip Condition)

Plaintiff argues that x-rays show she has scoliosis at the L5-S1 disc of the lumbar spine, while bone scans reveal degenerative changes and bilateral osteopenia in her hip. See (R.pp. 240, 248, 298, 499). Plaintiff complains that the ALJ should have found this medical problem to be a severe impairment, and that his failure to do so is reversible error.

In rejecting Plaintiff's claim that her scoliosis constituted a severe impairment, the ALJ found that the objective medical evidence showed that she had spondylitic arthropathic and degenerative changes to her spine, rather than scoliosis as a discrete impairment. (R.p. 13). The Defendant argues substantial evidence supports this finding, noting that Plaintiff's April 2006 lumbar x-ray showed only "mild" scoliosis, as did Plaintiff's x-ray of April 20, 2007, while the ALJ alternatively did find based on the evidence that Plaintiff suffered from severe cervical disc degeneration, sacroiliitis and lumbar facet arthropathy, and restricted her to work not requiring the



climbing of ladders, ropes or scaffolds, and not requiring exposure to moving machinery or unprotected heights. (R.pp. 16-17). See Laws, 368 F.2d 640 [Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion"]; Hays, 907 F.2d at 1456 [it is the responsibility of the ALJ to weigh the evidence and resolve conflicts in that evidence].

The Court can find no reversible error in the ALJ's conclusion that Plaintiff's scoliosis and hip condition was not a "severe" impairment for purposes of her social security claim. The medical record reflects that Plaintiff had only "mild" scoliosis, and the ALJ adequately addressed Plaintiff's complaints of hip and related pain with his assignment of cervical disk degeneration and sacroiliitis as severe impairments. Thomas, 331 F.2d at 543 [court scrutinizes the record as a whole to determine whether the conclusions reached are rational]; Bowen v. Yuckert, 482 U.S. 137, 146, n. 5 (1987)[Plaintiff has the burden to show that she has a disabling impairment]. This argument is without merit. Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) [The mere presence of impairments does not automatically entitle a claimant to disability benefits, there must be a showing of related functional loss]; see also Trenary v. Bowen, 898 F.2d 1361, 1364 (8th Cir. 1990) [Courts should properly focus not on a claimant's diagnosis, but on the claimant's actual function limitations].

### III.

### (Subjective Testimony)

With respect to Plaintiff's complaint that the ALJ failed to properly evaluate her subjective testimony as to the extent of her pain and limitations, the record reflects that the ALJ reviewed her testimony but found that her testimony conflicted with both the extent of her claimed



limitations as relayed to her physicians as well as the objective medical evidence, and was not credible because it was "divergent from the medical evidence to a degree sufficient to render the testimony both unreliable and unpersuasive". (R.pp. 12, 14-15). A review of the decision shows that the ALJ conducted a proper credibility analysis, and his decision otherwise reflects that he properly considered the record and evidence in this case. Mickles v. Shalala, 29 F.3d 918, 925-926 (4th Cir. 1994) [In assessing the credibility of the severity of reported subjective complaints, consideration must be given to the entire record, including the objective and subjective evidence]; Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1993) [ALJ may properly consider inconsistencies between a plaintiff's testimony and the other evidence of record in evaluating the credibility of the plaintiff's subjective complaints].

The Court can again find no reversible error in the ALJ's consideration of this evidence or in the ALJ's findings and conclusions. Bowen v. Yuckert, 482 U.S. 137, 146, n. 5 (1987)[Plaintiff has the burden to show that she has a disabling impairment]; Jolley v. Weinberger, 537 F.2d 1179, 1181 (4th Cir. 1976) [finding that the objective medical evidence, as opposed to the claimant's subjective complaints, supported an inference that he was not disabled]; Thomas, 331 F.2d at 543 [court scrutinizes the record as a whole to determine whether the conclusions reached are rational]. This argument is therefore without merit. Robinson, 956 F.2d at 840 [Generally conservative treatment not consistent with allegations of disability]; Anderson v. Barnhart, 344 F.3d 809, 815 (8th Cir. 2003)[Evidence that a claimant is exaggerating symptoms can be considered as part of the evaluation of Plaintiff's subjective complaints]; Cruse v. Bowen, 867 F.2d 1183, 1186 (8th Cir. 1989) ["the mere fact that working may cause pain or discomfort does not mandate a finding of



12

disability"]. Laws, 368 F.2d 640 [Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion"]; Hays, 907 F.2d at 1456 [it is the responsibility of the ALJ to weigh the evidence and resolve conflicts in that evidence].

## IV.

### (Vocational Expert Testimony)

Finally, the record reflects that a Vocational Expert testified at the hearing, and in response to a hypothetical from the ALJ which included all the limitations found by the ALJ, the VE identified several jobs Plaintiff could perform with those limitations. (R.pp. 51-54). Plaintiff argues that the VE's testimony is flawed because the ALJ failed to include in his hypothetical all of the Plaintiff's limitations. However, while Plaintiff may disagree with the findings of the ALJ, the Court has previously concluded that these findings are supported by substantial evidence in the record as that term is defined in the applicable case law.

Hence, the hypothetical given by the ALJ to the vocational expert was proper, and the undersigned finds no grounds in the ALJ's treatment of the vocational expert's testimony for reversal of the final decision of the Commissioner. Lee v. Sullivan, 945 F.2d 687, 692 (4th Cir. 1991))[ALJ not required to include limitations or restrictions in his hypothetical question that he finds are not supported by the record]; see also Martinez v. Heckler, 807 F.2d 771, 773 (9th Cir. 1986).

### Conclusion

Substantial evidence is defined as " ... evidence which a reasoning mind would accept as sufficient to support a particular conclusion." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). As previously noted, if the record contains substantial evidence to support the decision (i.e.,



if there is sufficient evidence to justify a refusal to direct a verdict were the case before a jury), this Court is required to uphold the decision, even should the Court disagree with the decision. Blalock, 483 F.2d at 775.

Under this standard, the record contains substantial evidence to support the conclusion of the Commissioner that the Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time period. Therefore, it is **ordered** that the decision of the Commissioner is **affirmed**.

**IT IS SO ORDERED**.

_____
Bristow Marchant
United States Magistrate Judge

May 4, 2011
Charleston, South Carolina

**The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.**

